**CHANG JIN CHEN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

**No. 08–4830–ag.**

United States Court of Appeals, Second Circuit.

June 17, 2009.

David A. Bredin, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Blair T. O'Connor, Assistant Director, Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Attorney General Eric H. Holder Jr. is automatically substituted for former Acting Attorney General Mark Filip as the respondent in this case. *See* Fed. R.App. P. 43(c)(2).

## SUMMARY ORDER

Petitioner Chang Jin Chen, a native and citizen of the People's Republic of China, seeks review of the September 10, 2008 order of the BIA affirming the September 19, 2007 decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Jin Chen*, No. A200 039 950 (B.I.A. Sept. 10, 2008), *aff'g* No. A200 039 950 (Immig. Ct. N.Y. City Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

Substantial evidence supports the agency's denial of Chen's applications for relief. As the agency observed, Chen cannot base his claims on persecution that his wife allegedly suffered. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 306, 309 (2d Cir.2007) (en banc). Chen does not argue that he suffered past persecution. The agency reasonably concluded that Chen did not demonstrate a well-founded fear of persecution, notwithstanding his alleged "resistance" to China's coercive population control program. *See id.* at 312–13 (discussing "resistance" claims). We decline to consider his arguments con-

cerning his "resistance" insofar as they rely on facts not first presented to the agency, such as his wife's removal of her IUD. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007).

The agency reasonably denied Chen's claims based on his alleged disagreement with China's policy toward Falun Gong. As Chen concedes, he is not a Falun Gong practitioner and has never actively supported that movement. Chen's testimony suggests that he was interested in Falun Gong only because it was a possible basis for asylum. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

Because all of Chen's claims for relief were predicated on the same factual bases, and because the agency's denial of asylum rested on his failure to establish a sufficient likelihood that he would face harm if returned to China, it follows that he failed to meet the higher burdens of proof with respect to withholding of removal and CAT relief.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

Finally, Chen argues that the IJ erred in denying his motion for a continuance. We review the IJ's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 198–99 (2d Cir.2006). Chen testified that, although he had been aware of his September 2007 merits hearing for six months, he did not retain new counsel until the day before. The IJ denied Chen's motion for a continu-

---

**2.** Chen has abandoned any claims based on his illegal departure, or the possibility that he may father more than one child, by failing to raise those claims before either the BIA or this Court. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

ance because he did not exercise due diligence in seeking out a new attorney. We see no abuse of discretion. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).